STATE OF IOWA v. McGREGOR.

(Circuit Court, N. D. Iowa. July 23, 1896.)

CONSTITUTIONAL LAW—INTERSTATE COMMERCE—SALE OF CIGARETTES — ORIGINAL PACKAGES.

The Iowa statute of July 4, 1896, prohibiting the manufacture or sale of cigarettes, etc., within the state, is void, as being an unwarrantable interference with interstate commerce, in so far as it applies to the sale of cigarettes imported into the state, and sold in the original packages of importation; such packages being the usual pasteboard box, containing 10 cigarettes each, bearing the proper internal revenue stamp, and not inclosed in any other packages or wrappers.

This was a petition by Donald C. McGregor for a writ of habeas corpus, to be directed to John Cone, sheriff of Linn county, Iowa, to procure his release from imprisonment under the alleged authority of a warrant issued by a justice of the peace of Rapids township, in said county. The circumstances giving rise to this proceeding were set forth in an agreed statement of facts, which, omitting the merely formal parts, reads as follows:

At its regular session the legislature of the state of Iowa passed in March, 1896, an act which was approved by the governor of said state on the 4th day of April, 1896, and which by virtue of the general laws of said state became operative and in effect on and after the 4th day of July, 1896. That said act is in the following words, to wit:

"An act to prohibit the manufacture and sale of cigarettes, cigarette paper and cigarette wrappers, and provide penalties for the violation of the provisions thereof.

"Section 1. No one by himself, clerk, servant, employé or agent shall for himself or any person else directly or indirectly or upon any pretense or by any device manufacture, sell, exchange, barter, dispense, give, in the consideration of the purchase of any property or of any service, or in evasion of the statute, or keep for sale any cigarettes or cigarette paper or cigarette wrappers made or prepared for the purpose of making cigarettes or for the purpose of being filled with tobacco for smoking; or own, or keep, or be in any way concerned, engaged or employed in owning or keeping any such cigarettes or cigarette paper or wrappers with intent to violate any provision of this chapter, or authorize or permit the same to be done.

"Sec. 2. Whoever is found guilty of violating any of the provisions of the preceding section for the first offense shall pay fine of not less than $25.00 nor more than $50.00 and cost of prosecution, and stand committed to the county jail until such fine and cost are paid. For the second and each subsequent offense he shall pay upon conviction thereof, a fine of not less than $10.00 nor more than $500.00 and costs of prosecution, or be imprisoned in the county jail, not to exceed six months; provided that the provisions of this act shall not apply to sales of jobbers doing an interstate business with customers outside of the state."

That the petitioner, Donald C. McGregor, is, and at all times hereinafter mentioned was, a citizen and resident of the Northern district of the state of Iowa, and has for many years been engaged at Cedar Rapids, in said state and district, in the sale of cigarettes. That in the month of July, 1896, and after the 4th day thereof, and prior to the date of his petition herein, petitioner purchased, in the state of Illinois, from the American Tobacco Company, a corporation organized and existing under the laws of the state of New Jersey, and having a factory for the manufacture of cigarettes in the city of New York, in the state of New York, and having similar factories at several other points in the United States, but having no factory or office or warehouse in the state of Iowa, a number of packages, each containing 10 Sweet Caporal cigarettes, and directed such packages of cigarettes to be shipped to him at Cedar Rapids, Iowa. Said cigarettes were manufactured by said the American Tobacco Company at its factory in said city and state of New York, and there packed by it in quantities of 10 in pasteboard slide boxes, upon each of which such boxes or packages were printed the name of the manufacturer of the cigarette therein contained, the name or brand of the cigarette therein contained, the number of the factory and internal revenue collection or manufacturing district in which such cigarettes were made, and name of the state in which such factory was located, the number of cigarettes contained in the box or package, the caution notice required by the laws of the United States, the internal revenue stamp for 10 cigarettes pasted across the end of such box or package so as to act as a seal thereon and therefor, and which had to be broken and destroyed to open the box or package, and all the other requirements of the laws and regulations of the United States governing the packing and sale of cigarettes. Said boxes or packages were each similar in every respect to the box attached to the petition in this proceeding, and marked "Exhibit A," which said cigarettes, so manufactured and packed by the American Tobacco Company, and so bought by the petitioner, all as aforesaid, were by said the American Tobacco Company, immediately after their sale to the petitioner, shipped from the depot, office, and warehouse of said manufacturer, in the city of Chicago, in the state of Illinois, to the petitioner, in the city of Cedar Rapids, in the state of Iowa, in the original packages above described, without case, covering, or inclosure of any kind around or about any of said packages, but each such package loose and separate from every other, and were by the petitioner received in such separate packages in the same condition in which they were shipped; and the same in such packages, and just as they were shipped in Illinois, and received in Iowa, were exposed for sale by the petitioner at his place of business in the city of Cedar Rapids, in the state of Iowa, and one of said packages, containing 10 Sweet Caporal cigarettes, as aforesaid, was so sold by petitioner to Andrew Harmon on the 10th day of July, 1896. In July, 1896, the said the American Tobacco Company shipped from its said depot, warehouse, and office, in the city of

·Chicago and state of Illinois, to the petitioner, in the city of Cedar Rapids and state of Iowa, at his request, on consignment, to be sold by the petitioner for and as agent of said corporation, a number of boxes or packages, each containing 10 Sweet Caporal cigarettes, which were manufactured by said corporation at its said factory in the city and state of New York. Said cigarettes were packed and shipped by said corporation, and received by the petitioner, in quantities of 10, in pasteboard slide boxes, the packing, printing, stamping, and sealing being exactly similar in every respect to the box or package attached to the petition as "Exhibit A" thereof, and was shipped and received in the same manner as were the packages purchased by the petitioner, above referred to. Said packages of cigarettes, so consigned and shipped by the American Tobacco Company, and received by the petitioner, were exposed for sale by him at his place of business, in the city of Cedar Rapids, in the state of Iowa, and one package of them so sold by him to Andrew Harmon, in said city of Cedar Rapids, in the state of Iowa, on the 10th day of July, 1896. The cigarettes sold by the petitioner in Cedar Rapids, in the state of Iowa, as aforesaid, both those owned by him and those held by him as agent of said corporation as aforesaid, which said sales were the basis of the criminal proceedings hereinafter referred to, were sold by the petitioner only in the original, unbroken packages, as packed at its said factory in the state of New York by the manufacturer, and shipped from the state of Illinois to the petitioner in the state of Iowa, and as received by him in said state of Iowa from said state of Illinois, as aforesaid, and as above described, and not otherwise; but such sales were not made to customers outside of the state of Iowa, the purchaser of both the packages of cigarettes sold by the petitioner having bought them, as aforesaid, in the state of Iowa.

On the 10th day of July, 1896, upon complaint and information duly made (copy of which complaint and information is attached to the petition in this proceeding), the warrant attached to the petition as "Exhibit No. 1," was issued by J. F. Rall, a justice of the peace in and for Rapids township, in the county of Linn, in the state of Iowa (said township embracing the city of Cedar Rapids). The sales with which this petitioner is charged in said warrant are the said sales made by him of one package each of cigarettes owned by petitioner and of cigarettes held by him as agent of the American Tobacco Company, as aforesaid. Under and by virtue of said warrant the petitioner was arrested on July 10, 1896, by the proper officer, and, being carried before the justice of the peace to whom said warrant was legally returnable, he was tried upon the charge contained therein, and by said justice of the peace adjudged guilty of violating the act hereinabove recited, and sentenced to pay a fine of $50 and the cost of prosecution, taxed at $4.10, and to stand committed to the county jail until such fine and costs should be paid; and petitioner was by said justice placed in the custody of the sheriff of said county of Linn, in said state of Iowa, said sheriff being the keeper of the common jail of said county. That petitioner has not paid said fine and costs, and is, by virtue of such judgment and order of said justice of the peace, detained and restrained of his liberty by John Cone, sheriff of said county, as aforesaid, as stated in the petition in this proceeding.

Wherever the words "original package" occur in this statement of facts, they shall be understood to mean the "same package" or box in which the cigarettes were packed at the factory, and the term is not used in a technical or legal sense.

Among the exhibits attached to the petition for the writ of habeas corpus was the following letter, dated April 6, 1893, and addressed by the commissioner of internal revenue, at Washington, to the American Tobacco Company, in New York:

Gentlemen: In reply to your inquiry of April 3d, submitting a sample package of cigarettes bearing thereon the internal revenue stamp and the printed marks and caution label, and inquiring as to the necessity for a reinclosing in an additional covering of paper, wood, or other material in placing the same upon the market, you are notified that said package, being a statutory quantity, and properly stamped and canceled, and bearing thereon the caution label and the number of the manufactory, the district and state, and the number of cigarettes contained therein, meets with the approval of this bureau, being a proper and original package, as contemplated by existing law and regulations. Therefore, the repacking of said

packages in additional coverings of wood, paper, etc., is optional with the manufacturer, and does not concern this bureau. This option is permissible under existing regulations. Series 7, No. 8. Revised, page 46, and Internal Revenue Record, vol. 32, page 365, dated November 22, 1886.

The grounds upon which it was claimed that the petitioner's imprisonment was illegal were stated as follows in a paragraph of the petition:

And your petitioner, being so advised by counsel learned in the law, further shows and alleges that his detention and restraint of his liberty, as aforesaid, are illegal and unjust, and in contravention and violation of article 1, section 8, clause 3, of the constitution of the United States, in that said act of the legislature of the state of Iowa, by virtue of which and for the alleged violation of which your petitioner was arrested, tried, and convicted, and is now detained and restrained of his liberty as aforesaid, is, in so far as it applies or is intended to apply to the acts done by petitioner, unconstitutional and void, because in conflict with and in violation of the constitution of the United States, particularly article 1, section 8, clause 3, of said constitution of said United States.

Davis, Kellogg & Severance and W. W. Fuller, for petitioner.
Milton Remley, Atty. Gen. Iowa, for respondent.

In this case no opinion was delivered or filed, but the judgment of the court (SANBORN, Circuit Judge), omitting the formal parts, was in the following terms:

The petition of Donald C. McGregor for a writ of habeas corpus and to be discharged from imprisonment came on to be heard before the said court on the 22d day of July, A. D. 1896, and was argued by counsel, and, the court being now sufficiently advised thereof, it is by the court now here considered, ordered, and adjudged that the said prisoner and petitioner, Donald C. McGregor, be, and he is hereby, discharged from detention and imprisonment, and that he recover his costs in the premises, to be taxed.