[L. A. No. 3199.  Department One.—December 9, 1913.]

## CELLULOSE PACKAGE MANUFACTURING COMPANY, Respondent, v. GEORGE CALHOUN, Appellant.

JOINT JUDGMENT BASED ON JOINT CONTRACT—DEFENDANT SERVED CANNOT COLLATERALLY IMPEACH—PRESUMPTION OF LAW OF SISTER STATE.—In this state, the validity, as against a joint defendant who had been served with process, of a joint judgment rendered against him and his codefendant on a joint contract, cannot be collaterally impeached, by showing the invalidity of the judgment against his joint codefendant for want of jurisdiction over him. In the absence of evidence to the contrary, the law of the state of Illinois is presumed to be to the same effect.

ID.—COLLATERAL IMPEACHMENT OF JUDGMENT—JURISDICTION—MERE ERROR IN TRIAL.—Where a court has jurisdiction of the person of the parties and the subject matter of the controversy submitted to it by them, .its judgment thereon cannot be impeached collaterally, or otherwise than by some form of direct attack, although it may appear on the face of the record that an error was committed by the court in determining the rights of the parties involved in the case.

ID.—ILLINOIS JUDGMENT—JUDGMENT AGAINST PART OF JOINT CONTRACTORS—EFFECT OF JUDGMENT.—In an action in an Illinois court on a joint contract against three joint contractors, the conclusion of the court that judgment should be rendered against two of the joint contractors, although the other one had not been served, was a mere error of law and did not go to the jurisdiction of the court over the controversy. Under the California authorities, the fact that such judgment was not valid against one of the judgment debtors, for want of service upon him, would not affect its validity against the defendant served.

CLXVI Cal.—33

ID.—ACTION BY CORPORATION—PROOF OF CORPORATE EXISTENCE—RE-
CITAL IN CONTRACT—JUDGMENT RECOVERED IN CORPORATE NAME.—
In an action in this state by an alleged foreign corporation to en-
force a foreign judgment, the facts that the contract executed by
the defendant and on which the judgment was based recited that
the plaintiff was a corporation under the name alleged, and that
judgment was recovered by it under that name, is sufficient proof
of the plaintiff's corporate capacity and of the fact that it was
operating under that name.

ID.—CHANGE OF CORPORATE NAME—PUBLICATION OF NOTICE OF CHANGE
OF ORGANIZATION.—The change of the name of a corporation is not
the same thing as a change of its organization, and proceedings
for a change of the corporate name are not invalidated for the
failure to publish a notice of the change, under a statute which
only requires such a notice to be published in cases of a "change
of organization."

APPEAL from an order of the Superior Court of Kern
County refusing a new trial.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

James Donovan, for Appellant.

C. E. Arnold, and Rowen Irwin, for Respondent.

SHAW, J.—The defendant appeals from an order denying
his motion for a new trial.

The action is based upon a judgment recovered by the
plaintiff in the superior court of Cook County, Illinois, against
George Calhoun and J. W. McGrath.   In the Illinois court
both of said defendants appeared by attorneys and demurred
to the declaration; the demurrer was overruled, they were
ruled to plead, but failed to do so, whereupon the judgment
was rendered against them.   The court below made findings
that McGrath was never served with process in the Illinois
action and that the attorneys who entered an appearance for
him in that action had no authority to do so, that the con-
tract there sued on was the joint contract of Calhoun, Mc-
Grath, and one Kindt, that under the law of Illinois a separate
judgment could be entered against either of the parties to
such a joint contract without entering judgment against all,
and that under that law the judgment sued on was valid as

against Calhoun but void as against McGrath. Upon this finding judgment was given against Calhoun alone.

The appellant claims that, under the authorities, if a joint judgment is rendered against two or more, and it appears from the record, or is shown *aliunde,* that such judgment is invalid as to one of them for want of jurisdiction over him, the joint judgment is void as to all. This theory is based upon a rule prevailing in some jurisdictions to the effect that if it is shown that the judgment rendered upon a joint contract is void as to one joint contractor, it is a nullity and void as to all. No proof was made that this is the law of Illinois, where the judgment was rendered, nor is any decision of the courts of that state cited which so holds. The extent of their decisions is that it is error to give judgment, in such an action, against one such joint defendant alone, and that a judgment so given will be reversed on appeal because of such error. None of them holds that such judgment would be void on collateral attack against the person served. This alleged rule that a joint judgment on a joint contract is invalid entirely, if shown to be invalid as to one of the joint defendants, is discussed by Mr. Freeman in an elaborate note to the case of *St. John* v. *Holmes,* 20 Wend. 609 (32 Am. Dec. 604). He there shows that the original announcement of the rule in *Hall* v. *Williams,* 23 Mass. (6 Pick.) 232, 246, [17 Am. Dec. 356], in 1828, was made without any discussion, upon the authority of a case which does not support it, and that it is against the weight of more recent authority. It is condemned in the text books on the subject. (Van Fleet on Collateral Attack, sec. 744; 1 Black on Judgments, sec. 211; 1 Freeman on Judgments, sec. 136.) It is not the law of this state. (*Seaver* v. *Fitzgerald,* 23 Cal. 92; *Tay* v. *Hawley,* 39 Cal. 94; *Lewis* v. *Clarkin,* 18 Cal. 400; *Bailey Loan Co.* v. *Hall,* 110 Cal. 490, [42 Pac. 962] ; Code Civ. Proc., secs. 414, 578.) There being no evidence to the contrary, the law of Illinois is presumed to be the same as that of California. (*Marsters* v. *Lash,* 61 Cal. 622; *Estate of Richards,* 133 Cal. 526, [65 Pac. 1034] ; *Estate of Harrington,* 140 Cal. 247, [98 Am. St. Rep. 51, 73 Pac. 1000] ; *O'Sullivan* v. *Griffith,* 153 Cal. 507, [95 Pac. 873, 96 Pac. 323].) Such a rule is obviously contrary to the fundamental principle everywhere prevailing, that where a court has jurisdiction of the person

of the parties and the subject matter of the controversy submitted to it by them, its judgment thereon cannot be impeached collaterally, or otherwise than by some form of direct attack, although it may appear on the face of the record that an error was committed by the court, in determining the rights of the parties involved in the case. (*Crew* v. *Pratt,* 119 Cal. 139, 151, [51 Pac. 38] ; Code Civ. Proc., sec. 1908.) The conclusion of the Illinois court that the judgment should be rendered against two of the joint contractors, although the other one had not been served, was a mere error of law and did not go to the jurisdiction of the court over the controversy. Under the California authorities above cited the fact that such judgment was not valid against McGrath would have no effect whatever upon its validity against Calhoun. The finding that it was valid against him is therefore sustained by the evidence. If it is considered as a conclusion of law, it was correct.

The court further found that the Cellulose Package Manufacturing Company is and was at all the times involved in the action a corporation existing under the laws of Illinois. There is a claim that this finding is contrary to the evidence. It appears that the company was originally incorporated under the name of ''E. W. Ward Cellulose Package Manufacturing Company'' and that afterward the name was changed, under the Illinois law, by striking ''E. W. Ward'' therefrom. The certificate showing regular proceedings whereby such change was effected was duly filed with the secretary of state of Illinois as the statute required. This statute provided for divers other changes in corporate affairs such as a change of place of business, of the objects for which the corporation was formed, of the amount of the capital stock, of the par value thereof, of the number of directors, and a change to consolidate with other corporations. It also provided that upon the filing of such certificate, the corporation should cause to be published ''a notice of such changes of organization'' for three successive weeks. No evidence was given that this notice had been published. For this reason it is claimed that the finding that the plaintiff was a corporation is not sustained by the evidence. We find, however, that the contract sued on, which was executed by Calhoun and the other parties thereto, recites the fact that the plaintiff was a

corporation under the name of Cellulose Package Manufacturing Company. The Illinois judgment was recovered by it under that name. This is sufficient proof of its corporate capacity and of the fact that it was operating under that name. Furthermore, it can scarcely be said that a change of name is the same thing as a change of organization. Inasmuch as the statute of Illinois required notice only of a change of organization, we do not think that it can be held that a failure to publish a notice of a change of name would invalidate a proceeding for a change of name. The statute does not require notice of such change. We have discussed this question on its merits, but we are of the opinion that it would not be of sufficient importance to justify a reversal of the judgment even if we were mistaken as to the effect of the Illinois law.

These are all the points presented in support of the appeal. We think that they are devoid of merit and that the order should be sustained.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.