### Ex parte GAGLIARDI.

(District Court, W. D. Washington, N. D.    September 13, 1922.)

#### No. 7001.

**1. Treaties ⬦⬦8—Certificate of chief clerk of State Department held incompetent on deportation hearing of alien, charged with entering United States without proper passport.**

On hearing for deportation of an Italian, charged with entering the United States without a properly viséed passport, a certificate from the chief clerk of the State Department that there were transported to the State Department by the American consul at a foreign port, "six sheets of paper, each containing specimen signatures of each of the viséing officers in the American consulate at" such port, that "the fee stamps affixed to the passports" of such alien "had been compared with the valid consular fee stamps of the same denomination, and found to be different in texture of paper and color of ink," *held* not evidence, and may not be considered under Treaty with Italy, art. 3.

**2. Aliens ⬦⬦54—Determination that alien could not be deported held conclusive in subsequent proceeding involving right to deport.**

A determination that an alien, who had been ordered deported on the ground that he was likely to become a public charge, could not be deported after a hearing in which the issue as to whether he had entered the United States without a properly viséed passport, was considered and determined in favor of the alien, *held* conclusive in subsequent proceeding involving the right to deport the alien, on the ground that he had entered without a properly viséed passport, of which there were no facts or circumstances in evidence not considered in the former proceeding.

Application by Alfonzo Gagliardi for writ of habeas corpus.   Writ granted.

Martin & Wardall, of Seattle, Wash., for petitioner.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., opposed.

NETERER, District Judge.   The petitioner, on warrant dated March 10, 1922, was arrested, being charged with entering the United States without a properly viséed passport.   Thereafter a hearing was duly had and deportation ordered.   At the hearing the alien appeared by counsel, and objected to the hearing on the ground that the issue had been formerly adjudicated by this court and the alien discharged. Upon appeal to the Secretary of Labor and the Commissioner of Immigration decision was affirmed, and a warrant of deportation issued, whereupon a petition was presented to this court, among other things, claiming the issue is res adjudicata, and praying a writ of habeas corpus.   A show cause order was issued, and the matter is now before the court for determination.

It is admitted that this inquiry is identical in its purpose and scope with relation to the method and manner of the petitioner's coming and entering the United States, and method and manner of obtaining his passport as in the former proceeding.   All of the facts elicited in this inquiry were elicited and were before the court upon the former ex-

amination. This court, by decision filed December '30, 1921, in cause No. 6433, said:

"The alien entered the United States August 4, 1915, departed November 4, 1920, re-entered February 13, 1921, being passed by the immigration inspectors at Blaine, a preliminary examination having been made at St. John, New Brunswick. About June, 1921, some inquiry was made of the alien about his passport, and information thereto was given, and he was directed to return to his place of abode and employment. October following he was arrested and brought before the board of inquiry, and was thereafter ordered deported for the reason 'that he was a person likely to become a public charge at the time of his entry, and that he entered without inspection by means of false and misleading statements.' The testimony shows conclusively that during the five years' residence of the alien in the United States he was employed in profitable vocations as a farm laborer. He is physically strong and able-bodied, and during the year 1920, prior to his departure, was engaged with his two brothers in truck farming, and is now interested in a lease upon 43 acres of agricultural land, all of which is fit for cultivation, and from which he made, during the year prior to his departure, $2,000; that he invested a great portion of this in this land in further preparation for cropping. The alien registered under the draft law and did not claim exemption, but was willing to serve under our flag. * * * The testimony is conclusive that the alien was not likely to become a public charge. The record is likewise conclusive that there was no competent testimony presented that any fraud was practiced by the alien on entering. On the contrary, the record does show that passport was obtained from a source believed to be legitimate, and upon arriving at Havre, France, a delay of eight days was occasioned, so that the passports might be forwarded to the Italian consul for inspection, and that they were returned approved. There is nothing in the examination of the alien, or any competent testimony presented, that the visé is spurious, and there certainly is nothing to indicate that the alien is chargeable with any irregular conduct with relation to it. The only matter in the record on which fraud is predicated is a statement in a letter, not introduced in evidence, that a bureau file will show that the State Department determined that the visé, stamps, etc., are fraudulent. This is not evidence. This court in Re Plastino, 236 Fed. 295, said that an alien has a right to have the issue determined in accordance with established recognized rules of procedure, and to determine such an issue in the absence of any proof is not in harmony with the traditions and principles of this government in the administration of law where fundamental rights of men are involved. Mr. Justice Clarke, in Kwock Jan Fat v. White, 253 U. S. 454, at page 464, 40 Sup. Ct. 566 at page 570 (64 L. Ed. 1010), says: 'The acts of Congress give great power to the Secretary of Labor over * * * immigrants. * * * It is a power to be administered, not arbitrarily and secretly, but fairly and openly, under the restraints of the tradition and principles of free government applicable where the fundamental rights of men are involved, regardless of their origin or race. It is the province of the courts, in proceedings for review, within the limits amply defined in the cases cited, to prevent abuse of this extraordinary power.'" .

[1] The only material evidence now presented not presented on the former hearing is a certificate from the chief clerk of the State Department as follows:

"This is to certify that there were transmitted to the Department of State by the American consul at Naples, with his dispatch dated February 7, 1921, six sheets of paper, each containing specimen signatures of each of the viséing officers in the American consulate at Naples, including the signature of C. M. P. Cross, American consul at that place; * * * that the fee stamps affixed to the passports of Alfonso Gagliardi * * * have been compared with valid consular fee stamps of the same denomination, and found to be different in texture of paper and color of ink."

This is not evidénce, and under article 3 of the Treaty of Italy (17 Stat. 846), of which the petitioner is a subject, may not be considered in determining the rights and privileges of the petitioner.

[2] I think, however, the judgment of the court in the former hearing is conclusive of the present case. Every issue of law or fact presented now was before the court on the former hearing. While the petitioner was ordered deported on the former hearing because he was likely to become a public charge, and now ordered deported because he entered the United States without a properly viséed passport, the evidence now presented was presented in the other hearing, and the issue here was in fact presented before the court and was decided in favor of the petitioner. No act is charged or fact elicited with relation to conduct of the petitioner subsequent to the former hearing, and it is not claimed that the petitioner is amenable to deportation by reason of any fact arising since that adjudication. This being a reexamination of the facts and circumstances which were before the court on the former hearing, the petitioner may not be lawfully held for deportation, the same facts having been found in his favor upon the evidence presented in the former proceeding. Judge Gilbert, for the Circuit Court of Appeals, in U. S. v. Chung Shee, 76 Fed. 956, 22 C. C. A. 639, affirmed the decision of Judge Wellborn in 71 Fed. 277, in which Judge Wellborn said:

"It has been held that, in proceedings upon habeas corpus, the determination of the court upon the facts has the effect of a verdict of a jury. Bonnett v. Bonnett, 61 Iowa, 199, 16 N. W. 91. Indeed, the authorities without exception seem to hold that, when a person has been discharged upon habeas corpus the issues of law and fact involved are res adjudicata, and the person so discharged cannot for the same cause be again lawfully arrested. Church, Hab. Corp. § 386; Ex parte Jilz, 64 Mo. 205; In re Crow, 60 Wis. 349, 19 N. W. 713; Yates' Case, 6 Johns. 337."

The writ is granted.