STATE OF MISSOURI at the Relation of THOMAS W. COONEY, Agent for the State of Illinois, in the matter of requisition of ARTHUR ROSENBERG, *alias* ARTHUR MORRIS, Illinois Parole Violator, better known as Register Number 2468E, Relator, v. FRED J. HOFF-MEISTER, Judge of the Circuit Court of St. Louis, and JOHN SCHMOLL, Clerk of the Circuit Court.—80 S. W. (2d) 195.

Court en Banc, March 9, 1935.

*Roy McKittrick,* Attorney General, *Wm. Orr Sawyers,* Assistant Attorney General, and *Otto Kerner,* Attorney General for the State of Illinois, for relator.

GANTT, J.—Certiorari to quash a judgment in a *habeas corpus* proceeding. Under an agreement in writing, and in accordance with the law of Illinois, Arthur Rosenberg, an inmate of a penitentiary

in that state, was given permission to reside temporarily and conditionally in the city of St. Louis, Missouri, and work for a citizen of that city. In accordance with said agreement and the law of Illinois he was to remain under the legal custody of the warden of the penitentiary until he received a final discharge.

Upon information that Rosenberg was under arrest for violation of a law of Missouri, the warden ordered him retaken and returned to actual custody in the penitentiary, pending a decision of the Department of Public Welfare of Illinois on the question of whether or not he had violated his parole. [Sec. 802, p. 1092, Cahill, Ill., R. S. 1933.] Thereupon the Governor of Illinois made requisition for his return to said state. The requisition was honored by the Governor of Missouri who issued an extradition warrant under which Rosenberg was taken into custody in Missouri by an agent of Illinois for return to the penitentiary. Upon application to the Circuit Court of the City of St. Louis a judge of said court issued a writ of *habeas corpus.* Upon return to the writ and reply thereto, the case was tried and Rosenberg discharged from the custody of the agent of Illinois. Illinois seeks a review, on certiorari, of this ruling on *habeas corpus.*

At the trial it was admitted that the requisition conformed to the Federal statutes and presented a prima facie case. However, it was contended that Rosenberg had not violated his parole, and for that reason was not a fugitive from justice. The circuit court so found and discharged him. This was the only question presented.

Illinois contends that the courts of an asylum state are without jurisdiction on *habeas corpus* to determine the question of the guilt or innocence of the person in the custody of the agent of the demanding state. The contention must be sustained. It has been so ruled by all the authorities. [18 U. S. C. A.; sec. 662, note 61, pp. 329, 330, 331.]

It follows that the proceedings and record of the Circuit Court of the City of St. Louis in the *habeas corpus* case should be quashed. It is so ordered. All concur.