**FARRINGTON et al. v. JACOBS et al.**

No. 10281.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1943.

Rehearing Denied Feb. 12, 1943.

C. A. Hiassen, Otis Farrington, and J. B. Patterson, all of Fort Lauderdale, Fla., for appellants.

Miller Walton and Edwin L. Hubbard, both of Miami, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that the defendants were laying wrongful claim to the property under a deed from the administratrix of the estate of Fannie Thomas, deceased, plaintiffs, as heirs of Fannie Thomas, brought this suit for a decree cancelling the deed, quieting them in the possession of, and title to, the property, awarding them the rents and profits therefrom and determining that the estate was not indebted to defendants. The claim was that the defendant, Farrington, designing and intending to acquire the title to it, had wrongfully caused, administration proceedings to be taken out, a mortgage to be executed on the property, and a sale to be made of it to his nominee, and that, because of his wrongful and unconscionable conduct, plaintiffs were entitled to have a decree adjudging that the property was held in trust for them freed and discharged from all claims on the part of the defendants including the mortgage claim.

The defenses were (1) that the suit was a collateral attack on the proceedings of a court of competent jurisdiction, to-wit: administration proceedings in the County Court of Broward County, Florida, and an attempt to control and supervise the proceedings of that court and to avoid and nullify its decrees, and (2) that the proceedings attacked were instituted and conducted in perfect good faith and in the interest and for the benefit of the estate to save the property from sale in tax foreclosure proceedings under decree of the Circuit Court of Broward County, Florida, and neither the mortgage debt incurred nor the sale under that debt were in any manner impeachable.

The district judge, of the opinion that the suit was not an attack upon, or an effort

to control or supervise the jurisdiction of, the Broward County Court, but was a suit in equity to charge the defendants as trustees of the property for plaintiffs, completely rejected the defense of a want of jurisdiction. On the merits he found that the proceedings though mistakenly begun were not begun fraudulently, that is in actual bad faith; that the monies borrowed on mortgage by the administratrix had been properly borrowed to protect the property from, and to discharge valid debts and charges against, the property; that the administrator's sale in discharge of those debts had been validly ordered and held; that the title acquired at that sale was a valid one; and that since when Farrington instituted the proceedings he actually believed that there was a debt due him, he should be protected in respect of the monies actually laid out by him as costs of the administration and in protecting the property from tax foreclosure sale. He further found, however that, there being in fact no debt due Farrington, the proceedings had in fact been mistakenly instituted; that Farrington had been advised of this before he obtained the orders authorizing the administratrix to take possession of and to sell the property for the payment of debts, including his own claim for attorney fees; and that the property purchased and held by his nominee for him was purchased and held in trust for plaintiffs subject to the payment of proper charges against it. He, therefore, completely canvassed and finally determined the amounts due to be repaid to Farrington in the settlement of the trusteeship with the plaintiffs, as heirs of the decedent. Not requiring defendants to account for any rents, issues or profits of the property, but finding that no attorney's fee was due Farrington and enjoining defendants from claiming or accepting any fees, allowances or compensation of any kind in the estate proceedings, he directed them, upon plaintiff's paying the sums the decree required them to pay, to transfer the property to plaintiffs, subject to all unpaid taxes and assessments thereon. Plaintiffs did not except to nor have they appealed from the decree.

Defendants are here insisting that the suit was an attempt to invade, and the decree was an invasion of, the jurisdiction of a state court of competent authority, and for that reason should be reversed. They further insist that the court having found that the administration proceedings were not fraudulent and that they and the deed were valid, erred in depriving defendants of the title obtained thereby.

 We cannot agree with appellants. The district judge was quite right in the view he took that the suit was not one to interfere with or supervise the jurisdiction of the Probate Court, but was merely one to establish a constructive trust on property and to impose the conditions upon which defendants, as trustees, should hold it for, and reconvey it to, plaintiffs, as beneficiaries, Cf. Park v. Park, 5 Cir., 123 F.2d 370; Edenborn v. Wigton, 5 Cir., 74 F.2d 374; Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260; Arrowsmith v. Gleason, 129 U.S. 86, 9 S.Ct. 237, 32 L.Ed. 630. On the merits it is quite clear that appellants may not complain of the judgment. Whatever Farrington may have actually known or thought when he began the administration proceedings as to the existence and validity of his claim for attorney's fees against the Thomas Estate, the record leaves in no doubt that before he caused the property to be sold and purchased by his nominee, he knew or was charged with knowledge that his claim was utterly without foundation and that he had caused the proceedings to be begun on a wholly nonexistent claim. Having done so, and wholly without regard to the question of actual fraud, it became unconscionable for him to proceed further to sell the property for debts, part of which he knew were nonexistent, Baker v. Humphrey, 101 U.S. 494, 25 L.Ed. 1065; Lakin v. Sierra Buttes Gold Mining Co., C.C., 25 F. 337; Griffin v. Bolen, 149 Fla. 377, 5 So.2d 690; McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315; 26 R.C.L. 1232; Smith v. Smith, 143 Fla. 159, 196 So. 409; Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173. Thereafter, he and his nominee dealt with and held the property as trustees for the heirs, subject, under the judge's findings that he had begun the proceedings in good faith and the heirs had derived a benefit from it, to the obligation of the heirs to make him whole in respect of his proper charges. The decree of, which he and his nominee and agents complain not only gave him full protection as to all of these charges but in addition allowed him to retain the rents and profits from the property during the time he held it. Whatever, therefore, might be said of appellee's right to complain of the decree, it is quite clear that there is nothing in it of which appellants can complain. It is affirmed.