**BOSTWICK et al. v. BALDWIN DRAIN-AGE DIST. et al.**

No. 10462.

Circuit Court of Appeals, Fifth Circuit.

Jan. 22, 1943.

Rehearing Denied Feb. 12, 1943.

Writ of Certiorari Denied May 3, 1943.

See 63 S.Ct. 1030, 87 L.Ed. ——.

Thos. B. Adams, of Jacksonville, Fla., for appellants.

Giles J. Patterson, J. W. Harrell, and J. Henry Blount, all of Jacksonville, Fla., H. S. Phillips, U. S. Atty., of Tampa, Fla., and Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla., Norman M. Littell, Asst. Atty. Gen., of Washington, D. C., and William D. Jones, Jr., and W. Joe Sears, Jr., Sp. Assts. to the Atty. Gen., both of Jacksonville, Fla., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

What is in question here is whether appellants by their answer have presented

facts which, if established, impeach the title of the Baldwin Drainage District to certain tracts or parcels of land involved, and the awards entered, in a condemnation proceeding brought by the United States for the establishment of an auxiliary air field. The question comes up in this way. The government, in an amendment to its petition for the condemnation of forty-two parcels of land, set up that among other adverse claims to various of the parcels, Nellie C. Bostwick and Baldwin Drainage District claim adversely to each other, parcel four, and the District and Jacksonville Heights Improvement Company claim adversely to each other, five, fifteen and twenty-four, and prayed that they be required to assert their claims. The District, Bostwick and the Improvement Company answered. The District in a brief answer claimed paramount title to and tax liens against all the parcels. Bostwick as to parcel four and the Improvement Co., as to Five, Fifteen and Twenty-four, filed a voluminous answer running with the exhibits to nearly 200 pages, in which, setting out their claims of title, they made a collateral attack upon the federal tax foreclosure suits,[1] the decrees in, and the masters' deeds under, which are the basis of the District's claim of title, as void for want of jurisdiction, and the tax liens asserted in them as invalid for various vices and defects which the answer undertook to point out. There was a prayer that the foreclosure decrees be declared void, the masters' deeds thereto vacated and the title restored to what it was before the decrees were entered. The District, insisting that the answer constituted a collateral attack upon judgments and proceedings of the federal court, moved to strike it, and in addition alleging that the claims of title asserted adversely to those decrees by the defendants, Bostwick and Improvement Company, were attacks upon the jurisdiction and orders of the federal court, sought an injunction to prevent them from further prosecuting their claims. All parties consenting, the determination of the questions presented by the answer and the motions was deferred until the condemnation was had and the awards were made. The condemnation proceeded, the various parcels were condemned and the awards were made as to them. Thereafter, the motions, of the District, to strike defendants' answer and for an injunction, coming on to be heard were treated by the court as motions for judgment on the pleadings and the records in the federal tax foreclosure cases, it being agreed that these records should be regarded as before the court and the court should take judicial knowledge of them. Counsel for the defendants Bostwick and the Improvement Company, conceding that unless those two foreclosure decrees were subject to attack as entered without jurisdiction or by reason of the other matters of fact and law alleged in their answers, the title to the lands in controversy was vested in the District subject to tax claims not important here, the court found and adjudged; that the record in the two foreclosure suits showed that the federal court had jurisdiction of the parties and of the subject matter; that this being so, nothing alleged in the answer entitled defendants to collaterally attack the decrees entered therein; that they were and are binding upon the defendants in those suits and upon all parties claiming from, through or under them; and that the District acquired and held good title under those decrees.

Bostwick and the Improvement Company, appealing, are here with lengthy briefs, aggregating more than 200 pages, challenging these rulings and insisting that, for the multitudinous reasons there set out, the judgment was wrong and may not stand.

Appellees, seeing the matter simply as the district judge did, as a bald effort to collaterally attack the judgment of a court of competent jurisdiction in the face of a record which shows that the court had, and adjudged that it had, jurisdiction, have undertaken in a brief of 25 pages to point out the inescapable correctness of the trial court's decision of the one question of law involved in the appeal, whether appellants by their answer sustained their burden of showing that the deeds executed by the masters in the foreclosure suits were void, i. e., were executed pursuant to decrees entered in a cause of which as to parties and subject matter the court was without jurisdiction.

---

[1] Hemphill, Receiver, v. Jacksonville Heights Improvement Co. and Hemphill v. Duval Cattle Co., the latter reported in, 5 Cir., 41 F.2d 433 on the cattle company's appeal as Duval Cattle Co. v. Hemphill brought by the receiver as ancillary to the original suit of Krietmeyer v. Baldwin Drainage District in which Hemphill was appointed receiver.

Appellants challenge this approach as an over-simplification of the case they plead. They insist that while they do attack the foreclosure proceedings as wholly void for want of jurisdiction, ·and the deeds issued under them as wholly ineffective to convey any title, legal or equitable, they also, upon allegations of inequitable conduct in procuring the decrees and the deeds, invoking Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870, and similar cases, seek the aid of equity to hold the district as trustee of the legal title for them.

These, as shown by the records in the foreclosure suits, are the controlling facts: On April 10, 1924, one Krietmeyer, alleging himself to be a citizen and resident of the State of Missouri, sued the Baldwin Drainage District, a Florida corporation, in the federal court in Florida; for an accounting to determine the amount due plaintiff and other bond holders; and for a receiver of the district as authorized by Florida statutes to collect unpaid taxes and file suits necessary for that purpose. The claimant alleged that he was a bond holder of the District, that it was in default in the payment of its coupons, that there was a large amount of drainage taxes unpaid, and that the District had not collected and was not taking steps to collect the unpaid taxes. On April 21, 1924, one Brown, a citizen of Kansas, was granted leave to intervene. On April 23, the District answered the complaint. On April 25, the District Judge filed an opinion holding that Krietmeyer was entitled to the relief he sought because of the failure of the District to take the action required by law for the collection of delinquent taxes, and on April 28, 1924, he entered an order appointing Hemphill receiver and adjudging "that this court has, and does now hereby take, jurisdiction of the parties and the subject matter". Hemphill then, under order of the court, instituted, among others, a suit in 1924 against Duval Cattle Company, under whom the District holds title to parcel four, and one in 1929 against Jacksonville Heights Improvement Co., under whom it holds the other parcels, to foreclose the lien of the taxes levied on their lands. The suit against the cattle company was contested on jurisdictional and other grounds, but on December 20, 1928, there was a final decree of foreclosure. An appeal taken from that decree was on June 30, 1930, affirmed by this court and

in March, 1931, there was a master's sale to the District, a confirmation by the court, and the property not having been redeemed within the year, a master's deed conveying title. The suit for the foreclosure of tax liens on lands of the Improvement Company was not contested. On October 2, 1930, there was a decree pro confesso followed, on April 27, 1931, by a final decree of foreclosure, on June 1, 1931, by a master's sale, and an order confirming it, and there being no redemption within the year, by a master's deed conveying the property to the district. From the time of the institution of the suit against the Improvement Company in 1929, until its appearance in this condemnation, a period of 13 years, the Improvement Company neither asserted title or claim to the parcels in controversy nor paid or offered to pay the taxes for which the lands were sold, or any of the taxes which were thereafter regularly assessed on the lands by the District. Neither has Mrs. Bostwick paid or offered to pay any taxes upon the parcel she claims. In addition to the attacks made upon the foreclosure decrees by the Improvement Company, Mrs. Bostwick, asserting that she was a bondholder under both the first and second mortgage given by the Cattle Company, and that she holds title to parcel four by deed dated February 2, 1925, under foreclosure of the second mortgage, and by deed dated April, 1927, under foreclosure of the first mortgage, insists that she was not a party to, and is not bound by, the tax foreclosure judgment. In reply to this claim, Appellee District points out that the tax liens under foreclosure of which it holds were in part earlier and all superior to the mortgages under which she holds, and her purchase under their foreclosure was subject to them and to the title acquired by their foreclosure. Pointing out, too, that the tax foreclosure was begun in 1924, before her purchase under the second mortgage foreclosure and that parties to it were the Cattle Company, the then owner of the land, and the trustee mortgagees under the three mortgages the Cattle Company had executed, it insists that the judgment in that proceeding foreclosed, and the sale under the foreclosure passed, the title of the Cattle Company, free of the liens of the mortgages.

Reserving for later discussion the Bostwick claim that she was not a party to, and therefore not bound by, the foreclosure decrees, and that the judgment

as to her was for that reason wrong, and treating her as bound by the decrees to the same extent as the Cattle Company was bound, we turn first to a consideration of appellants' primary points (1) that the decrees are void for want of the requisite diversity to sustain federal jurisdiction and are therefore nullities and subject to collateral attack, and (2) if not subject to collateral attack and the title passed to the District under them, appellants are entitled in equity to have the Drainage District held as trustee of the title for their benefit. Since the foreclosure suits were filed in the same court and as ancillary to the suit of Krietmeyer v. District, the answer to appellants' first point, that the court was without jurisdiction in them, must be found in the record in that suit. Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Cincinnati, I. & W. R. Co. v. Indianapolis Union R. Co., 270 U.S. 107, 46 S.Ct. 221, 70 L.Ed. 490; White v. Ewing, 159 U.S. 36, 15 S.Ct. 1018, 40 L.Ed. 67. This being a collateral attack upon the judgment, appellants' point is well taken if, but only if, the record on its face shows: not merely that the requisite diversity of jurisdiction does not affirmatively appear but that it did not and could not exist, Freeman on Judgment, Vol. 1, p. 722, Cyc. Federal Procedure, Vol. 1, p. 152; McCormick v. Sullivant, 10 Wheat. 192, 6 L.Ed. 300; and that the court did not find and adjudicate that it had jurisdiction, Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. An examination of the record shows that it does not at all support appellants' position but on the contrary completely negatives it. In the first place, standing as a complete barrier to appellants' attack upon the judgment as void is the express determination and adjudication by the court that it had jurisdiction. In the Chicot County case, the Supreme Court, holding that the former decree of the court was res judicata not only as to matters actually presented to defeat the jurisdiction in the former proceeding but also as to any other available matter which might have been presented to that end, said "the court has the au-

thority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral action" [308 U.S. 371, 60 S.Ct. 320, 84 L.Ed. 329]. In the second place, the record instead of showing affirmatively on its face, as it must do for appellants to prevail, that there was not and could not be the requisite diversity, shows the contrary. Krietmeyer was a citizen of Missouri, the District a corporation of Florida. Krietmeyer alleged, and the court found, that he had a complaint, and was entitled to the relief he prayed. That complaint was the District's failure to collect taxes. Krietmeyer v. Baldwin Drainage Dist., D. C., 298 F. 604. The relief was that provided by the Florida statute, the appointment of a receiver to take the steps and bring the actions required to keep the contract of the District with the holders of the bonds. Cf. Krietmeyer v. Hemphill, 5 Cir., 19 F.2d 513, 515. The ruling that Krietmeyer, a citizen of Missouri, had a controversy with the District, a corporation of Florida, was, we think, eminently correct. But whether it was or not, the ruling was made and, not appealed from. It became res judicata, and the jurisdiction found and exercised under that ruling may not be made the subject of a collateral attack.

On their secondary position, that though the decrees were not void for want of jurisdiction, the facts alleged in their answers made out a case showing that the District, through its receiver, had used the tax foreclosure suits to obtain an unconscionable advantage of which equity [2] will deprive it by holding that it holds the lands as trustee for them, appellants stand no better. They allowed the time for redemption to pass, and now, twelve years afterward, without paying or offering to pay any of the taxes at any time assessed against the land, including those for which the lands were sold in the tax foreclosure suits, they are attacking their validity on grounds which if they were good, could, and should have been urged in those suits. Their position amounts to no more than that the judgments were erroneous and that they should not be allowed to relitigate what has once been litigated, to re-

---

[2] Arrowsmith v. Gleason, 129 U.S. 86, 99, 9 S.Ct. 237, 32 L.Ed. 630; Johnson v. Waters, 111 U.S. 640, 4 S.Ct. 619, 28 L.Ed. 547; Marshall v. Holmes, supra; Graver v. Faurot, 7 Cir., 76 F. 257; Cf. Park v. Park, 5 Cir., 123 F.2d 370; Farrington v. Jacobs, 5 Cir., 132 F.2d 745.

try what has many years ago been tried. It is well settled that this cannot be done.

 Nor does Mrs. Bostwick stand any better on her claim that she was not a party to, nor affected by, the Duval Cattle Co. suit, and that, having acquired the title of the District in 1925, under the foreclosure of the second, and in 1927 under the foreclosure of the first, mortgage, her title is superior to that of the District. We think it plain that this will not do. The mortgages under which she holds are later in origin to some and inferior to all of the tax liens foreclosed in the Duval Cattle Co. suit. The suit for the foreclosure of the second mortgage under which she claims, though instituted before, was pending undetermined when, the tax foreclosure suit was filed and the mortgagee trustees were made parties to it, and the liens in that suit, antedating and being superior to the lien of the second mortgage, their foreclosure relates back to the inception of the liens, giving the district, the purchaser at the sale, a title superior to that acquired by Mrs. Bostwick, a purchaser at the second mortgage sale, lis pendens and with knowledge that the tax foreclosure suit was pending and that the plaintiff mortgagees in the second mortgage foreclosure were defendants in that suit. This title was, of course, subject to the right of Mrs. Bostwick under the Florida Drainage Act to redeem the same by the payment within one year from the date of the sale of a sum of money sufficient to pay the past due annual installments. She did not redeem, and does not now offer to pay, the taxes due. It is, therefore, we think, immaterial in this controversy between Mrs. Bostwick and the district over who has the superior title, whether she was or was not, through the mortgagee trustees, a party to the suit. But we think she was a party. In Kersh Lake District v. Johnson, 309 U.S. 485, 491, 60 S.Ct. 640, 644, 84 L.Ed. 881, 128 A.L.R. 386, the court says: "It has been held that bondholders are not necessary parties to and are bound by the decree—even if adverse to their interests—in litigation wherein an indenture trustee under a bond issue is a party and exercises in good faith and without neglect his contractual authority to represent and assert the lien securing the issue." Cf. Kerrison v. Stewart, 93 U.S. 155, 23 L.Ed. 843. It is uniformly held that trustees in railroad bond issues represent the bond holders equally when sued as defendants as when suing as plaintiffs. It has been held in cases where the beneficiaries are named or are known, that the beneficiaries, as well as the trustees, must be made parties defendant. Carey v. Brown, 92 U.S. 171, 23 L.Ed. 469; Griley v. Marion Mortgage Co., 13 Fla. 299, 182 So. 297, are cases of that kind. Whatever may be the general rule as to whether trustees named as mortgagees in bearer bond issues, other than railroad bonds, represent the bondholders so that judgments against them as defendants will bind the bondholders, we think it clear that when, after having brought and sued to foreclose the second mortgage, the mortgagee trustees were made parties defendant to the tax foreclosure suits, their presence as defendants was sufficient to and did bind Mrs. Bostwick as the undisclosed holder of a small portion of the bond issue under the foreclosure of which at the suit of the trustees as plaintiffs, she is claiming title. The judgment was right. It is

Affirmed.