[Crim. No. 5808. In Bank. Oct. 31, 1956.]

In re PAUL R. BAILLEAUX, on Habeas Corpus.

Paul R. Bailleaux, in pro. per., and Robert H. Kroninger, under appointment by the Supreme Court, for Petitioner.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Respondent.

SHENK, J.—By this petition for the writ of habeas corpus, Paul R. Bailleaux seeks his release from Folsom prison. The warden as respondent has filed a return. Issues of fact were raised which would ordinarily require a reference. In order to obviate the necessity for such a proceeding counsel for the petitioner and the respondent filed certain documents and have joined in a stipulation of facts in which it is agreed that the documents and the stipulation disclose all of the material facts and that matter may be disposed of on the record thus presented.

In September, 1939, the petitioner was convicted of robbery in the first degree and sentenced to San Quentin Prison for the term prescribed by law. In 1942 he was released from San Quentin on parole, subject to the terms and conditions set forth in the "ticket of leave" given him. On October 5, 1943, the Chief Parole Officer of the State of California submitted a report to the Board of Prison Terms and Paroles (the predecessor of the Adult Authority), charging that the petitioner had violated his parole by committing an armed robbery in the State of Washington. The report described the circumstances of the robbery and recommended that the petitioner's parole be revoked and that he be returned to San Quentin "at such time as he will be eligible for release or discharge from the Washington State Penitentiary." In November, 1943, the board suspended the petitioner's parole pending investigation of the parole officer's charges and ordered that he be retaken and returned to custody to abide the further order of the board.

When the petitioner was released from the Washington prison California attempted to extradite him. He was taken into custody pursuant to a warrant of extradition issued by the Governor of Washington. He then applied to the United States District Court for the Eastern District of Washington, Southern Division, hereinafter called the Federal Court, for a writ of habeas corpus. On January 17, 1949, that court entered an order granting the application and directing the agent of the California Adult Authority to release the petitioner. Pursuant to this order he was released from custody.

Subsequently the petitioner went to the State of Oregon. In May, 1954, he was returned from Oregon to San Quentin. The Adult Authority held a hearing on charges of parole violation, and on August 6, 1954, the petitioner's parole was revoked.

The petitioner's primary contention is that the order of the Federal Court issuing a writ of habeas corpus and discharging him is res judicata of the issue of the right of California to reimprison him.

■ Full faith and credit must be accorded a judgment of the federal court. (*Stoll* v. *Gottlieb,* 305 U.S. 165, 170 [59 S.Ct. 134, 83 L.Ed. 104]; *Hancock Nat. Bank* v. *Farnum* 176 U.S. 640, 641-642 [20 S.Ct. 506, 44 L.Ed. 619]; *Mueller* v. *Elba Oil Co.,* 21 Cal.2d 188, 205 [130 P.2d 961]; Code Civ. Proc., § 1908.) Such a judgment has the same effect in the courts of this state as it would in a federal court. (*Bank of*

*America* v. *McLaughlin Land & Livestock Co.*, 40 Cal.App.2d 620, 626-627 [105 P.2d 607]; 29 Cal.Jur.2d § 303, pp. 288-289.) ▮ In the federal jurisdiction, as in the courts of California, the doctrine of res judicata prevents the relitigation of issues determined by a final judgment in a prior action between the same parties. (*United States* v. *Munsingwear, Inc.*, 340 U.S. 36 [71 S.Ct. 104, 95 L.Ed. 36]; *Southern Pac. R. Co.* v. *United States*, 168 U.S. 1 [18 S.Ct. 18, 42 L.Ed. 355], and cases cited therein; *Norris* v. *San Mateo County Title Co.*, 37 Cal.2d 269, 273 [231 P.2d 493]; *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892]; Code Civ. Proc., § 1908.) ▮ This doctrine is applicable to the petitioner's case. (*United States* v. *Chung Shee*, 76 F. 951 [22 C.C.A. 639]; *Montgomery* v. *Eldson*, 123 F.Supp. 292; *Ex parte Gagliardi*, 284 F. 190; 2 Freeman, Judgments, 5th ed. 1925, pp. 1761-1763; see *In re Begerow*, 136 Cal. 293, 297-298 [68 P. 773, 56 L.R.A. 528].) In the present proceeding a hearing was held in the Federal Court and its judgment became final. The judgment reads in material parts as follows:

"The above entitled cause coming on for hearing before the Court on this 17th day of January, 1949, the petitioner appearing in person and by his attorney, W. A. Toner, and the respondent, Vard Ryan Massey, appearing by Jane Dowdle, Assistant Attorney General of the State of Washington, and the Court having heard the testimony of the petitioner and being fully advised in the matter, now finds that the said petitioner is being detained by the respondent as agent of the California Adult Authority in violation of his constitutional rights and that he is not a fugitive from justice of the State of California but has been duly discharged and released by the respondents and should be freed from the custody of the agents of said authority.

"Now THEREFORE IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED: That the said petition for habeas corpus be and the same hereby is allowed and granted, and it is further ordered that the respondent release the said petitioner forthwith."

The parties to the Washington proceeding were essentially the same as those now before this court—the petitioner and the State of California. The Federal Court held that the petitioner had been released by California from his obligations to the state and was no longer subject to the terms and conditions of his parole. If that judgment is res judicata,

the 1954 order of the Adult Authority revoking the petitioner's parole was of no avail.

■ The respondent contends that the Federal Court erred in holding that the petitioner was no longer subject to the terms and conditions of his parole from the California court. This is a collateral attack on a final judgment, and such an attack is permitted only under limited circumstances. One circumstance is where the court entering the judgment was without jurisdiction. (*Williams* v. *State of North Carolina*, 325 U.S. 226 [65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366]; *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565]; *Thompson* v. *Whitman*, 18 Wall. (U.S.) 457 [21 L.Ed. 897]; *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.*, 45 Cal.2d 448 [289 P.2d 446]; Code Civ. Proc., § 1916.) Accordingly the respondent asserts that the Federal Court was without jurisdiction to discharge the petitioner. This question is to be determined in accordance with federal law. (*Sherrer* v. *Sherrer*, 334 U.S. 343 [68 S.Ct. 1087, 1091, 92 L.Ed. 1429, 1 A.L.R.2d 1355]; *Adam* v. *Saenger*, 303 U.S. 59 [58 S.Ct. 454, 82 L.Ed. 649]; *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc., supra,* 45 Cal.2d 448; *Cellulose Package Mfg. Co.* v. *Calhoun*, 166 Cal. 513 [137 P. 238].)

■ In the federal courts a collateral attack on the ground of lack of jurisdiction will not be permitted unless the attacking party makes an affirmative showing that the issue of jurisdiction was not litigated in the court entering the judgment under attack. If the issue of jurisdiction was litigated in the first court, the determination thereon is final as against a collateral attack. (*Davis* v. *Davis*, 305 U.S. 32 [59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518]; *Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U.S. 522 [51 S.Ct. 517, 75 L.Ed. 1244]; *Mueller* v. *Elba Oil Co., supra,* 21 Cal.2d 188.) If the attacking party fails to show that the issue of jurisdiction was not litigated in the first court, the federal courts will assume that this issue was litigated. (*Cook* v. *Cook*, 342 U.S. 126 [72 S.Ct. 157, 96 L.Ed. 146]; *Bostwick* v. *Baldwin Drainage Dist.*, 133 F.2d 1, cert. denied, 319 U.S. 742 [63 S.Ct. 1030, 87 L.Ed. 1699]; *In re Eichhoff*, 101 Cal. 600 [36 P. 11]; 29 Cal.Jur.2d, § 201, pp. 155-156.) ■ There is no showing in this record to indicate that the issue of jurisdiction was not litigated in the Federal Court.

The respondent relies on *In re Kimler*, 37 Cal.2d 568 [233 P.2d 902]. That case is not controlling. Here we are concerned with the effect of a prior judgment of a federal court

in which that court had determined the precise question which the respondent now seeks to relitigate, namely, whether the custody of the petitioner was lawful. In the Kimler case this court said at page 570 that the "Missouri court did not purport to determine the effect of Kimler's release by the prison authorities of" California, and that by "the clear language of the Missouri judgment, the only fact determined was that the 'facts and circumstances are not sufficient to justify extradition.' " Here the Federal Court determined the effect of the release of the petitioner by the California authorities. It had jurisdiction to do so and its judgment should be respected.

We conclude that the judgment of the Federal Court is res judicata; that the reimprisonment of the petitioner was unlawful, and that he is entitled to be released from custody.

The petitioner is discharged.

Gibson, C. J., Traynor, J., Schauer, J., Spence J., and McComb, J., concurred.

CARTER, J.—I concur in the result reached in the majority opinion inasmuch as it is directly in line with my dissent in *In re Kimler* (1951), 37 Cal.2d 568, 575 [233 P.2d 902].

In the Kimler case a judgment of a Missouri court was involved. Kimler was released on habeas corpus by the Missouri court and a majority of this court there said: "The judgment [of habeas corpus] declared that '. . . *no sufficient cause for the detention* of said petitioner appearing, it is ordered . . . that the Writ of Habeas Corpus be sustained and made permanent, and that the petitioner . . . be . . . discharged from imprisonment and detention for the cause aforesaid.' (Italics added.)" A majority of this court specifically there held that Kimler's "discharge in habeas corpus in Missouri is not res judicata in the present proceeding." In the Kimler case a majority of this court relied upon *State* v. *Hoffmeister*, 336 Mo. 682 [80 S.W.2d 195],* in holding that the Missouri discharge of Kimler was not res judicata. The holding in the Hoffmeister case was that the asylum state could not inquire into the guilt or innocence of the accused; that the question presented was for the determination of the demanding state. In the Kimler case it

*This case was decided by the Supreme Court of Missouri in *1935.*

was held that the prisoner was entitled to release because no sufficient cause for his detention appeared. But a majority of this court held that the Missouri judgment was not entitled to full faith and credit *even though* the Missouri court in the Kimler case must have been well aware of its holding in the Hoffmeister case together with the facts and circumstances involved therein. In other words this court knew better what the Supreme Court of Missouri held than the Supreme Court of Missouri did! (See also *Ex parte Messina,* 233 Mo.App. 1234 [128 S.W.2d 1082].)

I said in my dissent to the Kimler case (p. 579): ''The discharge of Kimler in Missouri must be treated as res judicata on the issue above mentioned, that is, that there is no longer any basis for California to imprison Kimler arising from his conviction here, and therefore he is entitled to a discharge in this proceeding.'' This court, or a majority thereof, held, however, in the Kimler case that Kimler's discharge on habeas corpus by the Missouri court was not res judicata. This despite the fact that the opinion in that case shows, without a shadow of a doubt, that the merits were adjudicated by the Missouri court. In its holding the majority blithely ignored the full faith and credit clause of both the federal and state Constitutions. Here, however, the majority has, apparently, had a change of heart because we are told that full faith and credit must be accorded a judgment of the federal court; that the doctrine of res judicata prevents the relitigation of issues determined by a final judgment in a prior action between the same parties. In other words— once is enough. With this I wholeheartedly agree. However, this case and the Kimler case were both previously adjudicated on the merits with diametrically opposite results reached by a majority of this court. The only dissimilarity between the two is that here a prior judgment of a federal court is concerned; in the Kimler case a prior judgment of a sister state was concerned. Otherwise there is no difference. The Missouri court in the Kimler case specifically noted that the ''facts and circumstances are not sufficient to justify the surrender and extradition of the petitioner to the State of California''; the federal court in the case at bar specifically found that the petitioner was not a ''fugitive from justice of the State of California but has been duly discharged and released by the respondents and should be freed from the custody of the agents of said authority.'' It is difficult to see how two cases could be more similar inasmuch as this

court must give full faith and credit to the judgments of the courts of both sister states and the federal government.

Even though I am of the opinion that the conclusion reached here is in conflict with that reached in the Kimler case, I am happy to concur in the result reached herein because it is sound law.

Respondent's petition for a rehearing was denied November 28, 1956. Traynor, J., Schauer, J., and Spence, J., were of the opinion that the petition should be granted.