[Crim. No. 17007. In Bank. Aug. 1, 1974.]

In re JAMES RAY RUSSELL on Habeas Corpus.

**COUNSEL**

Richard S. Buckley, Public Defender, Harold E. Shabo, James L. McCormick, Paul James, Steve Hough and Leighton A. Nugent, Deputy Public Defenders, and Roger Agajanian for Petitioner.

Joseph P. Busch, District Attorney, Harry B. Sondheim, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Respondent.

## OPINION

**CLARK, J.—■** The legality of custody under an extradition warrant may be challenged in a habeas corpus proceeding on the ground the petitioner was not in the demanding state when the alleged crime was committed. (*In re McBride* (1953) 115 Cal.App.2d 538, 541 [254 P.2d 117]; *In re Brewer* (1943) 61 Cal.App.2d 388, 393 [143 P.2d 33]; *In re Shoemaker* (1914) 25 Cal.App. 551, 556-557 [144 P. 985]; Cal. Criminal Law Practice II (Cont.Ed.Bar) pp. 723-724; see Pen. Code, § 1548.2.)[1]

■ The question presented here is whether a writ of habeas corpus discharging the petitioner on this ground bars a second extradition proceeding for the same offense. We conclude it does not.

Arrested in Orange County on a fugitive warrant charging him with having committed murder in Oklahoma, petitioner sought habeas corpus on the ground he was not in that state when the alleged offense was committed. At the evidentiary hearing held by the Superior Court of Orange County, the affidavits of a motel manager and petitioner's former mother-in-law placed him in Oklahoma both the day before and the day of the offense, whereas the declarations of petitioner's wife and three friends indicated he was with them in California the day of the offense. The results of a polygraph examination given petitioner by the Orange County District Attorney's office were admitted into evidence by stipulation, and the polygraph examiner testified he was absolutely satisfied petitioner was neither in Oklahoma at the time in question nor involved in the offense. Noting its decision was influenced by the polygraph examiner's testimony, the Orange County Superior Court found petitioner was not in Oklahoma at the time the offense was committed and ordered him discharged from custody. The People appealed, but the appeal was dismissed on the ground it was a sham and frivolous.

When petitioner was rearrested in Los Angeles County following his release from custody in Orange County, he petitioned the Los Angeles County Superior Court for habeas corpus relief on the ground that a second attempt to extradite him was barred under the doctrine of res judicata by the writ of habeas corpus issued by the Orange County Superior Court.[2] The Los Angeles County Superior Court denied the writ,

---

[1] Section 1548.2 provides in relevant part: "No demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor unless it is in writing alleging that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from that State."

[2] Apparently the second arrest was prompted by evidence that petitioner had telephoned his brother in Oklahoma and had claimed to have "beaten" and "fooled" the

apparently without either issuing an order to show cause or conducting an evidentiary hearing.

■ In civil cases, the doctrine of res judicata bars parties or persons in privity with them from relitigating a cause of action finally determined by a court of competent jurisdiction. ■ The collateral estoppel aspect of res judicata bars parties or their privies from relitigating in a new proceeding on a different cause of action issues actually determined in a prior proceeding. (*In re Crow* (1971) 4 Cal.3d 613, 622 [94 Cal.Rptr. 254, 483 P.2d 1206]; *Martin* v. *Martin* (1970) 2 Cal.3d 752, 758 [87 Cal.Rptr. 526, 470 P.2d 662]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810 [122 P.2d 892].)

■ In criminal cases, the doctrine of res judicata rests upon the double jeopardy clause of the Fifth Amendment. (*Ashe* v. *Swenson* (1970) 397 U.S. 436, 445 [25 L.Ed.2d 469, 476, 90 S.Ct. 1189]; *In re Crow, supra,* 4 Cal.3d at p. 623.) Since jeopardy does not attach at a preliminary hearing, dismissal of a complaint by a magistrate does not bar the People from either refiling the same charges before another magistrate or seeking an indictment based on those charges. (*People* v. *Uhlemann* (1973) 9 Cal. 3d 662, 666, 668 at fn. 4 [108 Cal.Rptr. 657, 511 P.2d 609].) Even a dismissal in the superior court following an order setting aside an information or an indictment is no bar to a future prosecution for the same offenses. (*People* v. *Uhlemann, supra,* 9 Cal.3d at p. 666; *People* v. *Van Eyk* (1961) 56 Cal.2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 326].)

■ Extradition is an even more preliminary step in a criminal proceeding than the filing of an indictment, as the United States Supreme Court emphasized in holding that an indictment is not a prerequisite to extradition. "[E]xtradition is simply one step in securing the arrest and detention of the defendant. And these preliminary proceedings are not completed until the party is brought before the court in which the trial may be had. Why should the State be put to the expense of a grand jury and an indictment before securing possession of the party to be tried? . . . care must be taken that the process of extradition be not so burdened as to make it practically valueless. It is but one step in securing the presence of the defendant in the court in which he may be tried, and in no manner determines the question of guilt." (*Matter of Strauss* (1905) 197 U.S. 324, 332-333 [49 L.Ed. 774, 779, 25 S.Ct. 535], quoted with approval in *In re Kimler* (1951) 37 Cal.2d 568, 571 [233 P.2d 902].)

polygraph. However, although now representing their willingness to do so in any future proceeding, the People did not introduce this additional evidence in the habeas corpus proceeding conducted in the Los Angeles County Superior Court.

██ Moreover, extradition is not a matter of mere comity, but an absolute right of the demanding state and duty of the asylum state under the federal Constitution.[3] (*In re Morgan* (1966) 244 Cal.App.2d 903, 910 [53 Cal.Rptr. 642].) "Such is the command of the supreme law of the land, which may not be disregarded by any State. The constitutional provision relating to fugitives from justice, as the history of its adoption will show, is in the nature of a treaty stipulation entered into for the purpose of securing a prompt and efficient administration of the criminal laws of the several States—an object of the first concern to the people of the entire country, and which each State is bound, in fidelity to the Constitution, to recognize. A faithful, vigorous enforcement of that stipulation is vital to the harmony and welfare of the States. And while a State should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a State to find a permanent asylum in the territory of another State." (*Appleyard* v. *Massachusetts* (1906) 203 U.S. 222, 227-228 [51 L.Ed. 161, 163, 27 S.Ct. 122]; see *South Carolina* v. *Bailey* (1933) 289 U.S. 412, 421 [77 L.Ed. 1292, 1297, 53 S.Ct. 667]; *McNichols* v. *Pease* (1907) 207 U.S. 100, 112 [52 L.Ed. 121, 126, 28 S.Ct. 58].)

██ Therefore, issuance of a writ of habeas corpus in a previous extradition proceeding no more bars a second such proceeding than dismissal of a complaint by one magistrate bars refiling the complaint before another magistrate or seeking an indictment. "Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense and does not operate to put the defendant in jeopardy. The same rule applies in extradition proceedings." (*United States* v. *Levy* (1925) 268 U.S. 390, 393 [69 L.Ed. 1010, 1011, 45 S.Ct. 516]; citations omitted.)

This case is distinguishable from *In re Crow* (1971) 4 Cal.3d 613 [94 Cal.Rptr. 254, 483 P.2d 1206] and *In re Bailleaux* (1956) 47 Cal.2d 258 [302 P.2d 801], on the ground that invocation of the doctrine of res judicata by California courts in those cases did not defeat another state's con-

---

[3]Article IV, section 2, clause 2 of the United States Constitution provides: "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

stitutional right to extradition.[4] To the extent that *In re Bailleaux* is inconsistent with the views expressed in this opinion it is overruled.

Petitioner also contends the extradition demand is technically defective. "There is no sufficient showing by affidavit or otherwise that there was probable cause for the issuance of the warrant for petitioner's arrest." Section 1548.2 of the Penal Code requires that an extradition demand

[4]*In re Crow* was not an extradition matter. Crow was found guilty in the Los Angeles County Superior Court of violating section 288 of the Penal Code, criminal proceedings were suspended, and he was committed to the Department of Mental Hygiene, Atascadero State Hospital, for an indeterminate period. He was later sentenced to prison for escaping from Atascadero. When he was paroled on the escape conviction, Crow was returned to the Los Angeles County Superior Court and sentenced to prison on the original charge of violating section 288. While confined in Folsom Prison, Crow petitioned the Sacramento County Superior Court for habeas corpus relief on the ground he had been denied a speedy trial on that charge because his demand for prompt sentencing had been ignored during the more than two years he had served on the escape conviction. The Sacramento County Superior Court ordered Crow into the custody of the Los Angeles County Superior Court for a new trial, the judgment of the Sacramento County Superior Court becoming final when the People did not appeal. When the Los Angeles County Superior Court purported to dismiss the Sacramento court's order and remanded Crow to prison in accordance with its previous sentence, we granted Crow's petition for habeas corpus on the ground that the doctrine of res judicata bound the parties to act in accordance with the judgment of the Sacramento County Superior Court. (*In re Crow, supra,* 4 Cal.3d at p. 623.)

*In re Bailleaux* was an extradition matter, but did not involve the constitutional right of another state to insist that California comply with an extradition request. Bailleaux was a California parolee who violated his parole by committing an armed robbery in the State of Washington. When Bailleaux finished serving his Washington prison sentence, California attempted to extradite him. A federal court in Washington granted his petition for habeas corpus, finding he was not a fugitive from California justice because he had been discharged from parole when released by California authorities. In some manner not disclosed by this court's opinion, Bailleaux was returned to San Quentin. Ordering his release from custody, we held that the decision of the federal court in Washington rendered the Adult Authority's subsequent order revoking Bailleaux's parole invalid under the doctrine of res judicata. (*In re Bailleaux, supra,* 47 Cal.2d at pp. 261-263.)

In his concurring opinion in *In re Bailleaux,* Justice Jesse Carter noted the result in that case was "diametrically" opposed to the result in *In re Kimler* (1951) 37 Cal.2d 568 [233 P.2d 902], in which this court refused to give res judicata effect to a Missouri judgment discharging a habeas corpus petitioner California had attempted to extradite. (*In re Bailleaux, supra,* 47 Cal.2d at pp. 263-265.) California had released Kimler on parole to complete a term of imprisonment in Illinois. At the conclusion of his Illinois term Kimler fled to Missouri and successfully resisted California's attempt to extradite him from that state. When he was subsequently extradited from Washington, Kimler challenged the legality of his imprisonment under the remainder of the California term on the ground the Missouri judgment was a conclusive determination that California had pardoned, rather than paroled him. We denied the writ, holding that the Missouri court had not purported to determine the effect of Kimler's release by California prison authorities and could not have done so because of the limited scope of inquiry in a habeas corpus proceeding in conjunction with extradition. (*In re Kimler, supra,* 37 Cal.2d at p. 570.)

be accompanied by "a copy of an indictment found or by information or by a copy of an affidavit made before a magistrate in the demanding State together with a copy of any warrant which was issued thereon." ■ The extradition demand here is accompanied by a copy of the information and the warrant of arrest. It must be presumed that sufficient evidence was presented to support issuance of the information. (*In re Cooper* (1960) 53 Cal.2d 772, 778 [3 Cal.Rptr. 140, 349 P.2d 956].)

■ However, by alleging that he was not in the demanding state when the alleged crime was committed, petitioner did state a prima facie case for habeas corpus relief in the petition filed in the Superior Court of Los Angeles County. Therefore, although that court was not bound by the judgment previously rendered by the Orange County Superior Court, the Los Angeles County Superior Court should not have denied the writ without conducting an evidentiary hearing.

Therefore, the petition is denied without prejudice to petitioner filing and the superior court considering a new petition for writ of habeas corpus for the purpose of determining whether petitioner was present in the demanding state at the time of the offense with which he is charged. The stay of extradition heretofore granted shall remain in effect for 10 days following the date upon which this opinion becomes final to permit the preparation and filing of such a petition, and, if such petition is filed, for such time as is necessary to the Superior Court of Los Angeles County for proceedings consistent with this opinion.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.