Jose Napolean **SANTAMARIA,**
Plaintiff–Appellee,

v.

Don **HORSLEY, Sheriff, Defendant–Appellant.**

No. 95–16991.

United States Court of Appeals,
Ninth Circuit.

March 11, 1998.

## ORDER

The separate concurrence of Judge Kozinski in this case, filed January 16, 1998, is amended as follows:

At slip op. 512 [133 F.3d at 1250], add footnote 1 to the end of the first full paragraph, after "disputed evidence.", as follows:

In his petition for rehearing, Santamaria agrees that we lack jurisdiction over pretrial habeas claims of evidence preclusion. *See* PFR at 7. He argues, however, that we have jurisdiction over his appeal because retrial is barred altogether by collateral estoppel. Santamaria claims that this has been his position all along, presumably relying on the argument in his briefs that knife use is an "ultimate fact." If Santamaria were right that knife use is an ultimate fact, retrial would be barred, but he is mistaken.

To evaluate his claim, we ask whether, if the knife evidence were excluded, Santamaria could nonetheless be convicted of murder. *See Dowling v. United States,* 493 U.S. 342, 347, 110 S.Ct. 668, 671–72, 107 L.Ed.2d 708 (1990); *People v. Acevedo,*

69 N.Y.2d 478, 515 N.Y.S.2d 753, 508 N.E.2d 665, 670 (1987) (defining an ultimate fact as a fact "essential to conviction in the second trial"). The answer is clearly yes. Even if Santamaria did not use the knife, he could be convicted as an aider and abettor or on the theory that he strangled Guadron or ran him over with a car. *See People v. Santamaria,* 8 Cal.4th 903, 919 n. 7, 920, 35 Cal.Rptr.2d 624, 884 P.2d 81 (1994); *compare Ashe v. Swenson,* 397 U.S. 436, 446, 90 S.Ct. 1189, 1195–96, 25 L.Ed.2d 469 (1970) (identity of robber had to be established no matter what the rest of the evidence showed). Whether the state can actually win on these other theories is irrelevant to whether retrial is barred.