**Joseph D. OGUNRINU, Plaintiff— Appellant,**

v.

**CITY OF RIVERSIDE; et al., Defendants—Appellees.**

No. 02–56313.

D.C. No. CV–00–04470–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Oct. 30, 2003.

Diane E. Berley, Esq., Los Angeles, CA, Wole Akinyemi, Esq., Riverside, CA, David H. Goodwin, Esq., Attorney at Law, Los Angeles, CA, for Plaintiff–Appellant.

Timothy T. Coates, Esq., Donovan Cocas, Esq., Greines, Martin, Stein and Richland, LLP, Los Angeles, CA, John M. Porter, Esq., Lewis, D'Amato, Brisbois & Bisgaard, LLP, San Bernardino, CA, for Defendants–Appellees.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Ogunrinu appeals from the district court's summary judgment adverse to his 42 U.S.C. § 1983 action against Meyer, Lanzillo, the City of Riverside, and the City of Riverside Police Department (together, City). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I.

A summary judgment is reviewed de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

Ogunrinu "may not rest upon the mere allegations or denials of [his] pleading, but [his] response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The court "can only consider *admissible evidence,*" which does not include unauthenticated documents. *Orr v. Bank of Am.,* 285 F.3d 764, 773 (9th Cir.2002) (emphasis added). Ogunrinu failed on both counts.

A. ARREST

■ After Ogunrinu established a prima facie case of unlawful arrest by showing that his arrest was conducted without a search warrant, the burden shifted to the City to provide evidence of probably cause. *See Dubner v. City and County of San Francisco,* 266 F.3d 959, 965 (9th Cir. 2001). The City did so. Meyer's sworn declaration states that he relied, as he is entitled to, on the observation of another officer who witnessed the customer's intox-icated state and subsequent purchase from Ogunrinu. *See id.* at 966. In contrast, Ogunrinu produced unauthenticated (and hence inadmissible) photographs taken from his store's security camera.

Ogunrinu attempts to infer from the eventual dismissal of his criminal charges that his arrest must have been without probable cause. Ogunrinu acknowledges, though, that the case was dismissed not for legal insufficiency but on request of the prosecutor after his business closed. *See In re Cruz,* 104 Cal.App.4th 1339, 129 Cal. Rptr.2d 31, 39 (2003) ("[A section 1385] dismissal is not deemed to be based on legal insufficiency unless the record clearly shows that the court . . . concluded that no reasonable trier of fact could find guilt beyond a reasonable doubt.").

Ogunrinu also claims Meyer tightened his handcuffs to such a degree that it constituted excessive use of force. He relies only on his allegations, without citation to deposition testimony, that Meyer remarked that handcuffs are supposed to be uncomfortable and that Meyer made no effort to ascertain if the cuffs were too tight. These bald allegations are insufficient to create a genuine issue of fact when set against Meyer's declaration attesting to a standard application of force.

B. INVESTIGATION

■ Ogunrinu also argues that his constitutional rights were violated when Officer Lanzillo, along with the rest of the Riverside Police Department, did not adequately investigate shots fired through the window of his liquor store in what Ogunrinu believes was an attempt on his life. An inadequate investigation alone does not "involve[ ] the deprivation of a protected right," but must involve "another recog-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nized constitutional right." *Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam). Ogunrinu has not identified a recognized constitutional right to which he can anchor his claim. Rather, he vaguely asserts that failing to investigate was part of a larger conspiracy to deprive him of his civil rights.

### C. SEARCH

Ogunrinu next contends that the City violated his constitutional rights by subjecting him to an unreasonable search when he entered a Riverside city building. It is unclear if Ogunrinu is arguing that he was the victim of racial profiling in violation of the Equal Protection Clause or that the search violated the Fourth Amendment, but the claim fails in either case.

To prevail in "a § 1983 equal protection violation, [Ogunrinu] must show that the defendants ... discriminated against [him] as [a] member[ ] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.,* 324 F.3d 1130, 1134 (9th Cir.2003). Ogunrinu's purported evidence-that Lanzillo whispered something to the other officer to prompt the additional screening-does not show intentional discrimination. Ogunrinu admitted he only can speculate as to the content of the conversation that was inaudible to him. This claim thus fails. *See id.* at 1135; *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1028 (9th Cir.2001).

If Ogunrinu is grounding his claim in the Fourth Amendment, it still must be framed as a denial of equal protection, not as an unreasonable search. *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

### II.

Ogunrinu contends that "the district court erred in not affording him the opportunity to put [evidence of a factual dispute] before the court in proper form, as it is authorized to do pursuant to rule 56(f)," but he does not articulate how Rule 56 mandates reversal here. Ogunrinu never moved, in connection with the current summary judgment motion, to reopen discovery.

In his Reply Brief, Ogunrinu finally points to evidence other than his pleadings to assert the existence of a material factual dispute. He refers to specific statements contained in various depositions that were lodged at the time summary judgment was entered but were not cited until now. This eleventh-hour attempt comes too late. Our past decisions provide more than ample authority for the district court to decline to conduct an exhaustive review of the record on its own initiative. *Orr,* 285 F.3d at 774–75; *Carmen,* 237 F.3d at 1031; *see also Forsberg v. Pac. Northwest Bell Tel. Co.,* 840 F.2d 1409, 1418 (9th Cir. 1988).

Ogunrinu relies on *Martinez v. Stanford,* 323 F.3d 1178 (9th Cir.2003), but it is not controlling here. *Martinez* merely reaffirmed that the nonmoving party's failure to comply with a purely local rule (the deadline to file an opposition) is not grounds itself for summary judgment if the moving party has not fulfilled its "affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.* at 1182. Here, the City cited plenty of admissible evidence warranting summary judgment in its favor that neither evinced material disputed facts itself nor was controverted by admissible evidence presented by Ogunrinu.

Ogunrinu accuses the district court of improperly weighing the credibility of his evidence because the court repeatedly labeled his allegations "self-serving." Ogunrinu misreads the district court's order. Deeming his allegations "self-serving" does not suggest the district court rested sum-

mary judgment on a credibility assessment. Rather, the district court was validly emphasizing that Ogunrinu's allegations were conclusory, unsubstantiated by any citations to admissible evidence in the record, and thus insufficient to defeat the City's summary judgment motion.

Ogunrinu also challenges the district court's summary judgment in favor of the City of Riverside and its Police Department. In order to impose liability under 42 U.S.C. § 1983 on the municipal entities, Ogunrinu must show acts taken pursuant to official municipal policy that caused a constitutional tort. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir.1994). He did not.

AFFIRMED.