**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus HERALDEZ–MARTINEZ,**
**Defendant–Appellant.**

No. 06–50197.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 21, 2007.

Stephen M. Miller, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM *

■ 1. Heraldez's alienage was not relitigated in the proceedings below; rather, evidence of Heraldez's ongoing dispute with the Department of Homeland Security established Heraldez's motive to willfully misrepresent his name to border authorities and to explain the circumstances of the offense conduct. *See Santamaria v. Horsley,* 133 F.3d 1242, 1247 (9th Cir.1998) (en banc), *amended,* 138 F.3d 1280 (9th Cir.1998) (Kozinski, J., concurring).

■ 2. A rational trier of fact could have found Heraldez's misrepresentation of his name at the border material beyond a reasonable doubt. *United States v. Mayberry,* 913 F.2d 719, 723 (9th Cir. 1990); *United States v. Facchini,* 874 F.2d 638, 643–44 (9th Cir.1989) (en banc).

■ 3. The government's presentation of evidence that Heraldez gave a false birth date, as well as a false name, did not amount to a constructive amendment or a fatal variance. *United States v. Von Stoll,* 726 F.2d 584 (9th Cir.1984).

■ 4. The district court's finding that Heraldez was attempting to facilitate his entry into the United States in violation of his prior removal order by giving a false name to border authorities was not clearly erroneous. Therefore, the district court did not err in imposing a four-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(8)(C) (2005). Moreover, the district court's factual finding at sentencing did not violate the principles of collateral estoppel. *See United States v. Watts,*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam).

■ 5. The court did not err in limiting Heraldez's allocution once he started to discuss matters immaterial to mitigation. *United States v. Mack*, 200 F.3d 653, 657–58 (9th Cir.2000); *United States v. Kellogg*, 955 F.2d 1244, 1250 (9th Cir.1992).

■ 6. The district court's limited discussion of the 18 U.S.C. § 3553(a) factors did not amount to plain error. *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006), *cert. denied*, —— U.S. ——, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006).

**AFFIRMED.**