Filed 3/19/14  Shull v. Cal. Victims Compensation etc. Board CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE SHULL,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>CALIFORNIA VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD,<br><br>      Defendant and Respondent. | H038270<br>(Santa Clara County<br>Super. Ct. No. CV193301) |

George Shull appeals an order of the superior court denying his petition for writ of mandate.  Appellant asserts the Victim Compensation and Government Claims Board (Board) improperly denied his request for $92,100 as compensation for a period of time he was incarcerated in late 1980's and early 1990's.

### STATEMENT OF THE FACTS AND CASE

As the result of two separate incidents of assault in 1988, appellant pleaded guilty in the one case to felony assault causing great bodily injury (Pen. Code §§ 245, subd. (a)(1), 12022.7),[1] and annoying or molesting a minor (§ 647.6).  In the second case, appellant pleaded guilty to felony assault (§ 245, subd. (a)(1)), and sexual battery with the use of a billy club (§§ 243.4, 12022, subd. (b)).  Appellant served a prison term of

---

[1] All further statutory references are to the Penal Code.

five years for each victim, run concurrently. Appellant was released from prison on June 16, 1992.

In 2009, appellant filed a petition for habeas corpus in Santa Clara County Superior Court regarding his conviction of the felony assault and the sexual battery in the second case. The grounds for his petition were that the victim in the second case admitted in an interview in 2007 that she was no longer as certain of her identification of appellant as her assailant as she was in 1988. In addition, appellant had evidence from a polygraph examination during which he answered four questions about the second case without deception detected.

At the time appellant filed the habeas petition, he was not in custody. As a result, he and the district attorney stipulated that the superior court had jurisdiction to consider the petition.

On December 10, 2009, the court granted the habeas petition, and ordered the convictions on the second case vacated.

Based on the court's grant of his habeas petition, appellant sought monetary compensation from the Board. On June 7, 2010, appellant filed a claim with the Board pursuant to section 4900 seeking $92,100 as compensation for time he was incarcerated in 1989 for the felony assault and sexual battery convictions. On September 16, 2010, the Board denied the claim as untimely filed.

On February 2, 2011, appellant brought a petition for writ of mandate in the Santa Clara County Superior Court directing the Board to set aside its decision. The court denied the petition on March 6, 2012, and appellant filed a timely notice of appeal.

## DISCUSSION

Appellant asserts the trial court erred in denying his petition for writ of mandate requesting that the Board reverse its decision. Respondent argues the trial court correctly

2

denied appellant's petition, because his request to the Board for compensation under section 4900 was not timely.

Section 4900 provides that anyone who was convicted of a felony and served time in prison may present a claim for compensation "for the pecuniary injury sustained by him or her through the erroneous conviction and imprisonment" if he or she meets the requirements of section 4903 and was either (1) pardoned by the Governor because "the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her" or (2) "innocent of the crime with which he or she was charged for either of the foregoing reasons."

Section 4901 states, "A claim under Section 4900 . . . is required to be presented by the claimant to the California Victim Compensation and Government Claims Board within a period of two years after judgment of acquittal or after pardon granted, or after release from custody, and no claim not so presented shall be considered by the California Victim and Government Claims Board."

There is no question appellant never received a pardon nor was his 2011 claim on the Board made within two years of being released from imprisonment. The issue is whether the trial court's grant of appellant's writ of habeas corpus vacating his convictions is tantamount to a judgment of acquittal or discharge, making his 2011 claim timely under section 4901.

The granting of appellant's petition for writ of habeas corpus was not an acquittal for purposes of a claim under section 4900. "[A] habeas corpus proceeding is not a trial of guilt or innocence and the findings of the habeas corpus court do not constitute an acquittal. The scope of a writ of habeas corpus is broad, but in this case, as in most cases, it is designed to correct an erroneous conviction. It achieves that purpose by invalidating the conviction and restoring the defendant to the position she or he would be in if there

3

had been no trial and conviction.  [Citations.]  [¶] Thus, the conviction is set aside but the prosecution is not ended." (*In re Cruz* (2003) 104 Cal.App.4th 1339, 1346.)

Here, the trial court granted appellant's habeas petition because it lacked confidence in the integrity of the convictions, given the victim's questioning of her previous identification.  The court did not acquit appellant, much less determine that he was "innocent."

Moreover, the granting of the habeas petition also did not constitute a "discharge" under section 4901.  Section 1487, which addresses when discharge of an individual illegally detained is an appropriate habeas remedy states, "If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any of the following cases . . . ."  The section goes on to list the circumstances under which a habeas petition should be granted.

Importantly, section 1487 refers to a "prisoner" who is "in custody" as being entitled to a discharge under certain circumstances.  Appellant was not a prisoner in custody when he brought his petition for habeas corpus in 2010; therefore, there was no illegal confinement at the time from which he could be discharged.

Appellant's claim for compensation on the Board in 2011 was not timely under section 4901 because he was not pardoned, nor had he received a judgment of acquittal or a discharge from the grant of his habeas petition.  In addition, appellant did not make his claim within two years of his release from imprisonment.  (See § 4901.)  The trial court was correct in denying appellant's writ of mandate.

**DISPOSITION**

The order is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.