Filed 10/27/15  P. v. Contreras CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076288 |
| v. | (Super. Ct. No. CR113291) |
| HEATHER GLADYE CONTRERAS, | |
| Defendant and Appellant. | |

Defendant Heather Gladye Contreras appeals from her conviction of transportation of methamphetamine.  (Health & Saf. Code, § 11379, subd. (a).)[1]  On appeal, she contends the trial court erred in denying her motion to dismiss the conviction based upon recent amendments to section 11379.  We conclude the record shows the trial court's order suspended imposition of sentence and defendant was subject only to the terms and conditions of probation.  Thus, the recent amendments to section 11379 apply to

---

[1]     Undesignated statutory references are to the Health and Safety Code.

1

defendant's conviction for transportation of methamphetamine.  Accordingly, we reverse and dismiss the conviction.

### *Factual and Procedural History*

On July 3, 2011, a law enforcement officer was investigating an expired registration for a truck.  Defendant was a passenger in the truck.  During a consensual search, the officer discovered defendant was in possession of eight baggies containing methamphetamine.  Defendant was charged with transportation of methamphetamine (§ 11379, subd. (a)--count 1) and with possession of the same methamphetamine for sale (§ 11378--count 2).  On February 1, 2012, a jury convicted defendant of count 1, acquitted her of count 2 (§ 11378, possession for sale), but found her guilty of the lesser included offense of possession of methamphetamine.  (§ 11377, subd. (a).)

On April 18, 2012, the trial court granted defendant probation for three years and ordered her to serve 120 days in county jail, with the jail term stayed pending her successful completion of probation.  On April 19, 2012, defendant filed a notice of appeal, but the appeal was dismissed by this court on September 13, 2012, because she did not file an opening brief or request appointment of counsel.  The remittitur issued on November 15, 2012, and defendant remained on probation.

On December 23, 2013, defendant filed a motion for early termination of her probation and requested the trial court to reduce her possession of methamphetamine conviction from a felony to a misdemeanor pursuant to Penal Code section 17, subdivision (b).

While defendant's probation termination motion was pending in the trial court, the Legislature amended sections 11379 and 11352 (Amendment), which added subdivision

(c) to each section and became operative January 1, 2014.[2]  The Amendment states:  "For purposes of this section 'transports' means to transport for sale."  (§ 11379, subd. (c), added by Stats. 2013, ch. 504, § 2 (Assem. Bill No. 721).)  According to the Legislative history, the purpose of the Amendment was to clarify that it was the Legislature's intent in originally enacting sections 11379 and 11352 that these sections were to be applied only to individuals involved in drug trafficking or sales, not to persons walking down the street in possession of an amount of controlled substance sufficient only for personal use.  (Assem. Bill No. 721, 3rd reading Apr. 19, 2013 (2013-2014 Reg. Sess.) p. 2.)

On March 4, 2014, relying on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), defendant filed a motion to dismiss her conviction for transportation of methamphetamine.  *Estrada* held:  "[W]here the amendatory statute mitigates punishment and there is no saving clause, . . . the amendment will operate retroactively so that the lighter punishment is imposed" in all cases in which the judgment was not yet final when the amendment took effect.  (*Id.* at pp. 744, 748.)

---

[2]      Prior to the Amendment, section 11379 provided in pertinent part:  "(a) Except as otherwise provided in subdivision (b) . . . every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any [specified] controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years."  (Stats. 2011, ch. 15, § 174.)

Prior to the Amendment, section 11352 provided in pertinent part:  "(a) Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any [specified] controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years."  (Stats. 2011, ch. 15, § 154.)

On April 11, 2014, the trial court heard defendant's motions to terminate probation and to strike the transportation conviction.[3] Defendant contended that under *Estrada, supra,* 63 Cal.2d 740, she was entitled to the beneficial effect of the Amendment because her judgment was not final when the Amendment took effect. The judgment was not final, defendant argued, because at the time the trial court granted her probation it had suspended imposition of sentence and sentence had never been imposed.

The trial court denied defendant's motion to dismiss the section 11379 violation, reasoning: "The evidence shows that the defendant was convicted by a jury verdict of both 11379 and 11377. She's placed on probation after that conviction in April of 2012. *Imposition of judgment was ordered at that particular time.* [¶] The following day she filed a Notice of Appeal, and then on -- I am not sure of the date, but later she dismissed the Notice of Appeal, so the Third District Court of Appeal[] returned the case to this court by remittitur on November 15th, 2012. [¶] That means that for retroactivity purposes, the judgment was final as of that date. [¶] Since, for retroactivity purposes, the judgment was final in 2012 and since the amendment to 11379 didn't become effective until January 1st of 2014, I do not find that the amendment would be applicable in this particular matter." (Italics added.)

DISCUSSION

Defendant contends the trial court erred in denying her motion to strike the section 11379 conviction because, contrary to the trial court's finding, no sentence was imposed on count 1, and, therefore, the judgment was not final when she made the motion. At oral argument, the People agreed with defendant's position that imposition of sentence was suspended in this case, no judgment was entered, and the amendments to

---

**3** These motions were not heard by the same trial court judge who presided over defendant's jury trial and sentencing.

4

section 11379 apply to defendant. We agree. The record reflects the trial court's order did not impose a sentence but ordered defendant to comply with terms and conditions of probation. Accordingly, we reverse defendant's conviction in count 1 and order it dismissed. As we explain, dismissal is appropriate because the jury's acquittal of defendant in count 2 of possession of the same methamphetamine for sale as was charged in count 1 constituted a finding she had not possessed the methamphetamine for sale.

*Analysis*

There is an "important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences." (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.) "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation. [Citations.]" (*Ibid.*) "[W]here a sentence has actually been imposed but its execution suspended, 'The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect.' [Citations.]" (*Id.* at p. 1087.) If a trial court "previously had imposed sentence, [it] must order that exact sentence into effect [citations]." (*Id.* at p. 1088.) Thus, under *Howard,* imposition of sentence is equated with entry of a final judgment. When a final judgment is entered, everything about a defendant's sentence is prescribed.

The record reflects the trial court's order that defendant serve 120 days in jail was a condition of her probation and not imposition of a sentence with execution suspended. The preprinted format of the court's "ORDER ADMITTING DEFENDANT TO FORMAL PROBATION" contains the following two conditions to be filled in by the court: (1) "FORMAL PROBATION granted for a period of _____ years," and (2) "Following suspended execution of state prison term of _____ years." The first blank is filled in with the number "3" and the second space has been left blank. The order then

goes on for several pages setting out the terms and conditions of probation, one of which is the condition defendant serve 120 days in jail, stayed pending successful completion of probation. The prosecutor suggested the trial court "put the issue of jail time off for awhile, see how she is doing in treatment, and address that at a later date." In response, defense counsel agreed with the prosecutor's suggestion to "stay [the jail time], unless there's a reason to impose it." The trial court stated it was staying the jail time "pending successful completion of probation, which means if you get through probation, you don't have to serve any jail time."

Moreover, the fact defendant agreed to probation with the conditions set forth in the order and signed the order, indicating she understood the terms and conditions of probation set forth therein, also reflects what is in the order is what was intended. (See *People v. Bravo* (1987) 43 Cal.3d 600, 608; *People v. Moret* (2009)180 Cal.App.4th 839, 851 [a defendant can decline a grant of probation if he or she does not like the conditions imposed].)

Based on our review of the record, we conclude defendant's judgment was not final at the time she made her motion pursuant to *Estrada, supra,* 63 Cal.2d 740. Therefore, she should have been given the benefit of the Amendment.

In addition, we conclude defendant cannot be retried on count 1. "Double jeopardy includes an issue preclusion component: once an issue of ultimate fact has been resolved in a criminal proceeding, it cannot be relitigated in a subsequent prosecution or retrial." (*Brown v. Superior Court* (2010) 187 Cal.App.4th 1511, 1524, citing *Yeager v. U.S.* (2009) 557 U.S. 110, 120-121 [174 L.Ed.2d 78, 88-89].) " 'An "issue of ultimate fact" is a fact that must be proven beyond a reasonable doubt at trial, including each of the essential elements of the charged offense.' " (*In re Cruz* (2003) 104 Cal.App.4th 1339, 1345.) Possession of methamphetamine for the purpose of sale is an element of both possession of methamphetamine for sale (§ 11378) and, as amended, transportation

6

of methamphetamine (§ 11379).  Thus, the jury's acquittal of possession of the methamphetamine for sale in count 2 precludes a retrial of count 1.

DISPOSITION

Defendant's conviction in count 1 is reversed and dismissed.


_____/s/_____
HOCH, J.

We concur:


_____/s/_____
RAYE, P. J.


_____/s/_____
MURRAY, J.