Filed 6/7/24  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099099 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F01601) |
| v. | |
| JORGE LOPEZ, | |
| Defendant and Appellant. | |

Defendant Jorge Lopez appeals from the denial of his petition for resentencing under Penal Code section 1172.6 (formerly section 1170.95) following an evidentiary hearing.[1]  He argues the resentencing court erred in refusing to qualify his proposed expert, and in excluding the proposed expert from testifying about general criminal behavior and gangs in general.  He also argues the resentencing court improperly

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to section 1172.6 throughout this opinion.

1

considered evidence outside of an agreed-upon statement of facts, and erroneously relied on testimony discredited by the original trial court's firearm enhancement findings. We need not reach any of these issues, as they are all rendered moot by defendant's petition for habeas corpus, which we will grant in a separate opinion. (*In re Lopez* (June 7, 2024, C099854) [nonpub.].)

## I.  BACKGROUND

A jury found defendant guilty of first degree murder in 2008[2] (§ 187, subd. (a)). (*People v. Lopez* (Feb. 11, 2010, C059074) [nonpub. opn.] (*Lopez I*); *People v. Lopez* (Sep. 24, 2021, C091477) [nonpub. opn.] (*Lopez II*).) The jury also found true gang and firearm enhancements, including that defendant was a principal in the murder, and a principal intentionally and personally discharged a firearm causing great bodily injury or death to a victim. (§§ 186.22, subd. (b)(1), 12022.53, subds. (b), (c), (d), and (e)(1).) (*Lopez II, supra,* C091477.)

At the sentencing hearing, the trial court stayed imposition of the gang enhancement pursuant to section 12022.53, subdivision (e)(2), and declined to impose the firearm enhancements provided by section 12022.53, subdivisions (b) and (c) pursuant to subdivision (f), stating, "defendant did not personally use or discharge a firearm during the commission of this crime."[3] The trial court then sentenced defendant to 25 years to

---

[2] A separate jury found codefendant Luis Fernando Pacheco guilty of the same first degree murder and enhancements. (*Lopez I, supra,* C059074.) Another jury heard the evidence against codefendant Luis Garcia; however, a mistrial was apparently declared in that case due to juror misconduct.

[3] We have not received a reporter's transcript for the original trial, and thus do not know which subdivision the original trial court relied upon. We have received a declaration from an official certified shorthand reporter indicating the court reporter's notes from the original trial have been destroyed and no transcript can be produced. Nevertheless, the resentencing court relied on the transcript, and the original trial court's statement will become important later in this opinion.

life for the murder conviction, plus 25 years to life for the remaining firearm enhancement. (*Lopez II, supra,* C091477.) Another panel of this court affirmed the conviction. (*Lopez I, supra,* C059074; *Lopez II, supra,* C091477.)

Defendant filed a petition for resentencing in 2019. (*Lopez II, supra,* C091477.) The trial court denied the petition at the prima facie stage. (*Ibid.*) Defendant appealed the denial, and yet another panel of this court reversed and remanded with instructions to issue an order to show cause and hold an evidentiary hearing to determine defendant's eligibility for resentencing. (*Ibid.*)

An evidentiary hearing was held on April 21, 2023. The trial court denied the petition by written order dated July 6, 2023. The trial court found defendant directly aided and abetted Pacheco in committing implied malice murder and was therefore not entitled to relief under section 1172.6. This appeal timely followed.

While this appeal was pending, defendant filed a habeas petition challenging his first-degree murder conviction in light of *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*). After informal briefing, we issued an order to show cause. The People filed a return, conceding the petition should be granted. We agree with the parties and grant the petition in our opinion in *In re Lopez, supra*, C099854. We must now determine what remains, if anything, of the present appeal.

## II. DISCUSSION

The Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) to clarify the felony-murder rule and eliminate the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); accord § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.) Senate Bill 1437 also added what is now section 1172.6, providing a procedure for individuals convicted of felony murder or murder under the natural and probable

3

consequences doctrine to seek retroactive relief by petitioning the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).)

A successful resentencing petition results in vacatur of the first-degree murder conviction, recall of the original sentence, and resentencing on any remaining counts "as if the petitioner had not previously been sentenced." (§ 1172.6, subds. (d)(1) and (d)(3).) A successful petition for writ of habeas corpus similarly results in vacatur of the conviction. (See *People v. Sumstine* (1984) 36 Cal.3d 909, 920 ["When the issuance of a writ of habeas corpus vacates the underlying judgment of conviction, the judgment ceases to exist for all purposes"]; and see *In re Cruz* (2003) 104 Cal.App.4th 1339, 1346 [a writ of habeas corpus corrects an erroneous conviction by "by invalidating the conviction and restoring the defendant to the position she or he would be in if there had been no trial and conviction"].) The prosecution will then have the option of accepting a reduction of the conviction to second degree murder or retrying the first-degree murder charge on a valid theory. (*Chiu, supra,* 59 Cal.4th at p. 168.) Until then, defendant regains his pretrial status, with the prior conviction vacated. (See *Cruz, supra,* at p. 1346 ["the conviction is set aside but the prosecution is not ended"].)

Having granted the petition for writ of habeas corpus in *In re Lopez, supra*, C099854, we have already invalidated defendant's first-degree murder conviction and can offer no further relief on the resentencing petition, even assuming it was denied in error. Furthermore, the prosecution may decide to retry the first-degree murder charge, raising the possibility that anything else we might say about the resentencing petition would have been advisory. We therefore conclude defendant's appeal has become moot and must be dismissed. (*Becerra v. McClatchy Co.* (2021) 69 Cal.App.5th 913, 927, fn. 4 ["An appeal becomes moot when ' " ' "the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief" ' " ' "]; *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 ["When no effective relief can be granted, an appeal is moot and will be dismissed"].)

4

## III.  DISPOSITION

The appeal is dismissed as moot.


/S/

------------------------
RENNER, J.


We concur:


/S/

------------------------
ROBIE, Acting P. J.


/S/

------------------------
BOULWARE EURIE, J.